**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **PATRICIA OSBORNE,** | § | **CIVIL ACTION NO. 4:16-cv-220** |
| *Plaintiff,* | § | |
| | § | **JURY TRIAL DEMANDED** |
| vs. | § | |
| | § | |
| **GENUINE PARTS COMPANY D/B/A** | § | |
| **NAPA AUTO PARTS,** | § | |
| *Defendant.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Patricia Osborne files her Original Complaint, complaining of Genuine Parts Company d/b/a NAPA Auto Parts and she would show the court and jury that:

**I.**
**PARTIES**

1. Plaintiff Patricia Osborne ("Osborne" or "Plaintiff") is an individual residing in Harris County, Texas, which is located in the Southern District of Texas, Houston Division.

2. Genuine Parts Company d/b/a NAPA Auto Parts ("NAPA" or "Defendant") is a corporation organized under the laws of Georgia, with its principal place of business in Atlanta, Georgia. NAPA may be served with process through its registered agent CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. NAPA is a retail and wholesale distributor of automotive replacement parts and supplies. NAPA operates a network of retail stores and Distribution Centers throughout the country, including retail stores and a Distribution Center in Houston, Texas.

## II.
## JURISDICTION AND VENUE

3. This court has jurisdiction over this suit, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Furthermore, this lawsuit arises under the laws of the United States of America, specifically, the Age Discrimination in Employment Act of 1967 ("ADEA"). 29 U.S.C. § 621.

4. Venue is proper in the Southern District of Texas, because a substantial part of the events or omissions giving rise to this suit occurred in this district. 28 U.S.C. § 1391.

## III.
## JURY DEMAND

5. Osborne demands a trial by jury on all issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## IV.
## NAPA DISCRIMINATED AGAINST OSBORNE BASED ON HER AGE

### A. Ms. Osborne Is The Oldest HR Manager In Her Region.

6. Plaintiff began working for NAPA on November 1, 2011 as a Human Resources Manager, where she was employed for three and a half years before she was terminated on April 30, 2015 (at the age of 63).

7. At the time of Ms. Osborne's termination, she was the oldest Human Resources Manager in the Southwest Region at NAPA.

**B.     Ms. Osborne Is Coerced Into Disclosing Her Breast Cancer To The Group**

8.      Plaintiff learned she had breast cancer in January 2013, and informed her supervisor, Cary Carter.  Rather than be sympathetic, he required that Ms. Osborne disclose her highly-personal medical condition to her co-workers.  Ms. Osborne was uncomfortable doing this, but needed to keep her job.  Ms. Osborne reluctantly made the announcements.

9.      While discussing Ms. Osborne's treatment regimen for cancer, she told Mr. Carter that the treatment "was taking its toll on [her] 61 year old body."  Mr. Carter seemed surprised by this and responded, "[he] thought [she] was 55 years old."  Mr. Carter then asked Ms. Osborne how long she intended on working and mockingly said, "until you wear Depends [a brand of adult diapers]?"

**C.     Despite Undergoing Radiation Therapy, Ms. Osborne Works Diligently**

10.     Plaintiff worked diligently for the company and received a "meets expectations" performance evaluation by NAPA in 2013, while receiving radiation treatment for breast cancer during that year.

11.     Plaintiff was instructed by her doctor during this period of time to work only half-days.  When she presented her doctor's note to her supervisor at the time and asked for an accommodation, she was told by Mr. Carter to "buck up."  Instead of working half-days, she was required to work until 3:00 p.m., and then she could go get her radiation treatments.

12.     In October 2014, Mike Conroy replaced Mr. Carter as Ms. Osborne's supervisor.  That same month Ms. Osborne was called "Mom" by some of her younger colleagues in front of Mr.

Conroy. Ms. Osborne informed Mr. Conroy that this made her uncomfortable. Mr. Conroy was unfazed by this, and ultimately nothing was done to remedy this behavior.

### D. Supervisor Announces That NAPA Needs To Hire Younger Employees

13. Later that month, in a meeting Ms. Osborne commented that the font size of a report was too small. She asked Mr. Conroy if she could have a copy printed with larger font. He responded, "No, we are just going to hire younger people." This meeting was attended by at least five other employees.

14. Ms. Osborne did not receive any verbal counseling or write-ups during 2014 and 2015.

### E. Ms. Osborne Is Nominated for HR Manager Of The Year Award

15. In February of 2015, Ms. Osborne was nominated by her supervisor, Mr. Conroy, as the Regional HR Manager of the Year. For this award, there were five Human Resources Managers that were eligible to be nominated. Of these five, three Human Resources Managers were actually nominated.

### F. Ms. Osborne Receives A Raise

16. On April 1, 2015, she earned a raise amounting to a 2.5 percentage increase in her yearly salary. Raises were reflective of performance, and were awarded based on merit. Earlier that year, she also received a bonus of $18, 560.

      **G.**    **A Month Later Ms. Osborne Is Suddenly Terminated**

17. On April 30, 2015, Ms. Osborne received her performance review and a "Development Plan." The "Development Plan" is designed to help employees identify areas of needed improvement and provide for methods and suggestions for future improvement. While Mr. Conroy indicated a number of areas he claimed needed improvement, there was no indication that Ms. Osborne would be terminated or that termination was imminent.

18. Later that **same** day, Conroy then abruptly told Ms. Osborne that she was not "a good fit" for the company. More specifically, Conroy told her that she was not enough of a "wooby" or a security blanket to her fellow employees.

19. That same day, Defendant presented Ms. Osborne with a Separation Agreement, stating that her employment was terminated effective immediately (without any warnings or progressive discipline as provided for in the Company Handbook and in contradiction to the Development Plan provided her earlier that same day).

**V.**
**ADMINISTRATIVE PREREQUISITES SATISFIED**

20. Ms. Osborne timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division ("TWC") on June 3, 2015, which is attached as Exhibit A.

21. The EEOC has issued a Right to Sue Letter (upon Plaintiff's request), which is attached as Exhibit B.

22. The TWC has issued a Right to Sue Letter (upon Plaintiff's request), which is attached as Exhibit C.

23. This suit is timely filed after receipt of the Right to Sue Letter from the EEOC.

## VI.
## CAUSES OF ACTION:
## AGE DISCRIMINATION

24. Ms. Osborne's age was at least a motivating factor in Defendant's deliberate decision to terminate her, in violation of the ADEA and/or Chapter 21 of the Texas Labor Code (the Texas Commission on Human Rights Act).

## VII.
## DAMAGES

25. Because of Defendant's unlawful conduct, Osborne has suffered mental anguish, emotional distress, and significant economic loss.

## VIII.
## LIQUIDATED AND PUNITIVE DAMAGES

26. Ms. Osborne requests an award of liquidated damages, as Defendant willfully violated her federally-protected rights under the ADEA.

27. Ms. Osborne is also entitled to punitive damages, because Defendant acted with malice or reckless indifference to her rights under Texas law, and because liability can be imputed to the company.

## IX.
## ATTORNEYS' FEES

28. Defendant's wrongful conduct has made it necessary for Ms. Osborne to retain the undersigned attorneys to represent her in bringing and prosecuting this action, and, if necessary, for legal representation on appeal. Ms. Osborne therefore seeks recovery of all reasonable attorneys' fees and costs pursuant to the ADEA and Chapter 21 of the Texas Labor Code.

# X.
# PRAYER

29. WHEREFORE, Plaintiff Patricia Osborne, through her undersigned counsel, demands a trial by jury and respectfully requests that Defendant be cited to appear and answer herein and that upon final trial or hearing she have:

    a. Equitable relief, including back and front pay;

    b. Compensatory damages, including emotional distress;

    c. Punitive damages;

    d. Liquidated damages;

    e. Pre- and post-judgment interest;

    f. Attorneys' fees;

    g. Costs of suit, including expert fees; and

    h. All other relief to which Ms. Osborne may be entitled.

Respectfully submitted,

*/s/     April Walter*

**April Walter**
Texas Bar No. 24052793
Southern District No. 713287
awalter@starzyklaw.com
**STARZYK & ASSOCIATES, P.C.**
10200 Grogan's Mill Road
Suite 300
The Woodlands, Texas 77380
T: [281] 364-7261
F: [281] 364-7533

**ATTORNEYS FOR PLAINTIFF
PATRICIA OSBORNE**